Filed 3/19/21  In re O.M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re O.M., a Person Coming Under the Juvenile Court Law. | B306891 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP01482B) |
| Plaintiff and Respondent, | |
| v. | |
| Joshua M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brett Bianco, Judge.  Dismissed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

————————————

Joshua M., the father of O.M., challenges a juvenile court's order denying his request for unmonitored visits with O.M. After the father filed this appeal, the juvenile court returned O.M. to the father's custody. We therefore dismiss the appeal as moot. Undesignated code references are to the Welfare and Institutions Code.

I

We brief the events leading to the visitation order the father challenges.

In February 2020, the Department of Children and Family Services (the Department) received a referral after newborn O.M. and his mother tested positive for amphetamines.

The day after O.M.'s birth, the father denied knowing about the mother's recent drug use. The father admitted using methamphetamine "on and off" for several years but he denied current use. The father tested positive for methamphetamine in late February 2020.

In March 2020, the Department filed a petition alleging O.M. was at substantial risk of serious harm under section 300, subdivision (b)(1) because of O.M.'s positive drug test and because of the mother's and father's drug use.

The father tested negative for drugs six times in May and June 2020. He attended Narcotics Anonymous meetings and completed a parenting class.

At a joint jurisdiction and disposition hearing on July 7, 2020, the juvenile court sustained an amended section 300 petition. It removed O.M. from the mother's and father's custody. The court denied the father's request for unmonitored visits.

The father appealed, contending the court abused its discretion by denying unmonitored visits because, he argued, no

2

substantial evidence showed unsupervised visits would jeopardize O.M.'s safety.

We turn to the juvenile court's recent order returning O.M. to his parents' custody. On our motion, we take judicial notice of the minute order dated January 5, 2021. (See Evid. Code, § 452, subd. (d).) The court found the father and the mother had made substantial progress, returned O.M. to his parents' custody, and retained jurisdiction over O.M.

We requested and received supplemental briefing from the father and the Department addressing whether we should dismiss the appeal as moot, given the January 5, 2021 order.

## II

In light of the recent order, the father's appeal challenging the denial of unmonitored visitation is moot. There is no more visitation, monitored or unmonitored, because the court returned O.M. to the father's custody. Even if we found reversible error, we could not provide the father any effective relief because O.M. already is in his custody.

Both parties agree the case is moot, but the father asks us to exercise our authority to decide the merits of the controversy. We decline.

This case does not warrant an exercise of discretion to reach the merits. We may exercise our inherent discretion to resolve an issue rendered moot by later events if the controversy has continuing public importance and is capable of repetition, yet evading review. (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.) Under the father's formulation, his case is about whether enough evidence showed unsupervised visits would jeopardize O.M.'s safety. The father's appeal raises no continuing issue of public importance. His dispute is solely about the facts of his particular case. He raises no legal question of widespread

3

application.  (Cf. *In re C.C.* (2009) 172 Cal.App.4th 1481, 1488–1489, 1491–1492 [exercising discretion to hear a moot case when the juvenile court applied an incorrect standard to deny visitation].)  The propriety of the court's decision to deny unmonitored visitation in this particular case is important only to the people directly involved.

Nor does the father point to any specific reason to believe past decisionmaking in this case will prejudice him in the future.  He says, "If the department files a subsequent 342 or supplemental 387 petition during the case, and this court found no evidentiary support for denying appellant unmonitored visits from the original 300 petition, that would weigh heavily in father's favor in deciding subsequent jurisdiction and disposition orders."  In other words, if we decide in his favor, and if the Department takes certain future actions, our decision might help him.  Notably, the father has not challenged the merits of the jurisdictional order.  This is a generalized and hypothetical argument about how our decision on the merits of the dispositional order only could benefit the father.  He has not shown any specific or concrete adverse effects from the order he challenges.

We decline to review the order.  We dismiss the father's appeal as moot.  (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404–405.)

## DISPOSITION

We dismiss the appeal as moot.


WILEY, J.


We Concur:



BIGELOW, P. J.                    STRATTON, J.


4